**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHARLES ELWOOD YEAHQUO,**

**Plaintiff,**

**v.** **Case No. 07-4097-RDR**

**CITY OF LAWRENCE, et al.,**

**Defendants.**

**ORDER**

This matter comes before the court upon defendant Lawrence Douglas County Housing Authority ("LDCHA")'s Motion to Stay Discovery (Doc. 7) and defendant City of Lawrence's Motion to Stay All Proceedings Pending Resolution of Defendants' Dispositive Motion (Doc. 12).[1] Plaintiff has not filed a response to these motions and the time to do so pursuant to D. Kan. Rule 6.1(d) has passed.

Normally, "[t]he failure to file a brief or response within the time specified with Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[2]

---

[1]Upon consultation with the chambers of the Honorable Richard D. Rogers, the undersigned construes defendants' Motion to Stay All Proceedings Pending Resolution of Defendants' Disposition Motion (Doc. 12) as a motion to stay discovery.

[2]*See* D. Kan. Rule 7.4

The decision to stay discovery is firmly vested in the sound discretion of the trial court.[3] However, the Tenth Circuit has warned that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[4] To that end, as a general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though dispositive motions are pending.[5] However, it is appropriate to stay discovery pending resolution of a dispositive motion where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[6]

Because plaintiff has not file a response to the instant motions, the court deems defendants' motions uncontested and thus for good cause shown, the court grants defendants' motions as unopposed.[7]

Accordingly,

IT IS THEREFORE ORDERED defendant Lawrence Douglas County Housing Authority ("LDCHA")'s Motion to Stay Discovery (Doc. 7) and defendant City of Lawrence's

---

[3] *Kutilek v. Gannon,* 132 F.R.D. 296, 297 (D. Kan. 1990).

[4] *Afshar v. Unites States Dep't of State*, No. 06-2071, 2006 U.S. Dist. LEXIS 52435, at *2 (D. Kan. July 18, 2006)(citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt*., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983)).

[5] *Wolf v. U.S.*, 157 F.R.D. 494, 494 (D. Kan. 1994).

[6] *Kutilek*, 132 F.R.D. at 298; *Wolf*, 157 F.R.D. at 494.

[7] *See e.g.*, *Greenlee v. USPS*, Case No. 06-2167-CM ("Plaintiff has filed no opposition to either the Motion to Dismiss or the Motion to Stay); *Williams v. United* States, Case No. 04-3003-JWL ("Plaintiff has not filed a response; thus for good cause shown, the Court grants the Motion as unopposed pursuant to D. Kan. Rule 7.4").

Motion to Stay All Proceedings Pending Resolution of Defendants' Dispositive Motion (Doc. 12) are granted. Discovery in the instant case is stayed pending resolution of defendants' pending dispositive Motions to Dismiss (Docs. 5 and 10).

IT IS SO ORDERED.

Dated this 17th day of October, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge