**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

CHARLES ELWOOD YEAHQUO,

        Plaintiff,

  vs.                     **Case No. 07-4097-RDR**

CITY OF LAWRENCE, KANSAS,
et al.,

        Defendants.

_____

**O R D E R**

This matter is presently before the court upon the motions to dismiss filed by defendant Lawrence Douglas County Housing Authority (LDCHA) and City of Lawrence, Kansas (City). Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

In their motions, the defendants contend (1) plaintiff's complaint fails to state a claim upon which relief can be granted; and (2) plaintiff's complaint fails to establish that the court has subject matter jurisdiction. Plaintiff, who is proceeding <u>pro</u> <u>se</u>, has not formally responded to the defendants' motions. Plaintiff did file a motion for extension of time on October 12, 2007. In that motion, he sought an extension of time to seek court-appointed counsel in this matter. The motion was denied by the magistrate on October 17, 2007. The motion, however, does contain some arguments pertinent to the issues raised by the defendants in their motions to dismiss. Plaintiff suggests that jurisdiction is conferred in

this action by "the 14th Amendment, Fair Housing Act, the provisions of the Community Deveolpment (sic) Grant's Housing and Community Development Act of 1974."  Plaintiff further asserts as follows: "As to stating a claim by which relief can be granted I would request that the 501(c)(3) Lawrence Indian Center received 200,000 seed money for housing and 200,000 for Saynday & Company for a adult day program and 10,000 for all the problems they caused me."

Under Fed.R.Civ.P. 12(b)(1), a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter.  The determination of subject matter jurisdiction is a threshold question of law.  Madsen v. United States ex. rel. United States Army Corps of Engineers, 841 F.2d 1011, 1012 (10th Cir. 1987).  "[T]he party invoking federal jurisdiction bears the burden of proof."  Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.  Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).  However, the court should not assume that plaintiff can prove facts he has not alleged or that a defendant has violated laws in manners not alleged.  Associated General Contractors v. California State Council of Carpenters, 459

2

U.S. 519, 526 (1983).  The court must look "'for plausibility in the complaint.'"  See Alvarado v. KOB-TV, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1970 (2007)).  In particular, the court must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  Id. at 1215, n. 2.  Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp., 127 S.Ct. at 1965.  Of course, "[a] document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

As correctly noted by the defendants, the allegations contained in plaintiff's complaint are conclusory.  In addition, plaintiff has failed to identify the statutory or constitutional provision that permits jurisdiction.  The complaint and the exhibit attached to it, viewed in the light most favorable to plaintiff, suggest the following.  At some point prior to August 30, 2005, plaintiff applied to defendant LDCHA for housing assistance.  On August 30, 2005, LDCHA sent plaintiff a letter denying his application.  He was informed that his letter had been "taken to the committee for review and [that he] did not have enough

3

verifiable rental history to be eligible for the General Housing Assistance waiting list."  Plaintiff thereafter attempted to file some sort of complaint with defendant City's Human Relations Department.  Defendant City then attempted to coerce plaintiff into conciliating his complaint.  However, because plaintiff wanted a formal investigation rather than conciliation, defendant City refused to handle plaintiff's complaint.  Plaintiff then communicated with the Department of Housing and Urban Development (HUD) General Counsel and was informed that defendant City should have taken his complaint.  Thereafter, through correspondence, defendant City informed plaintiff that it had done nothing illegal. Defendant City later ignored plaintiff's efforts to resolve the dispute through the United States District Court's Dispute Resolution Program.

Based upon those factual allegations, plaintiff claims that defendant LDCHA refused "to negotiate in the use of the Renter Education Program as a substitute for [his] lack of three years of good Renter History."  He also claims that defendant City, through its Human Relations Department, "interfere[d] and use[d] coercion to get [him] to conciliate the complaint" and "refuse[d] to handle [his] complaint."  Plaintiff then concludes his complaint by averring that, because defendants "are recipients of HUD funding" and because defendant City's Human Relations Department obtains "its authority to handle discrimination complaints from HUD," this

4

court has subject matter jurisdiction of his complaint.

A careful review of plaintiff's complaint fails to reveal the necessary allegations to establish any type of civil cause of action.   The court simply fails to find sufficient facts which would lead the court to conclude that a plausible cause of action exists.  Without the necessary allegations or facts, the court must grant defendants' motions to dismiss for failure to state a claim upon which relief can be granted.

The court also agrees with the defendants that plaintiff has failed to adequately demonstrate subject matter jurisdiction.  As noted previously, his complaint fails to mention any basis for federal court jurisdiction.  In his motion for extension of time, plaintiff suggests that jurisdiction rests upon the United States Constitution and two acts passed by Congress.  Plaintiff, however, fails to demonstrate how subject matter jurisdiction exists under either the Constitution or the statutes mentioned.  Plaintiff has the burden to show that the court has subject matter jurisdiction over his complaint and he has failed to do so.   Accordingly, defendants' motions shall also be granted for this reason.

**IT IS THEREFORE ORDERED** that defendant Lawrence Douglas County Housing Authority's motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) (Doc. # 5) be hereby granted.  Plaintiff's complaint is hereby dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that defendant City of Lawrence, Kansas'
motion to dismiss (Doc. # 10) be hereby granted.  Plaintiff's
complaint is hereby dismissed for lack of subject matter
jurisdiction and failure to state a claim upon which relief can be
granted.

**IT IS SO ORDERED.**

Dated this 1st day of November, 2007 at Topeka, Kansas.


                                    s/Richard D. Rogers
                                    United States District Judge